KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD LINE,                          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )   Case No. __12-CV-1285-EFM-KMH__
                                       )
HORIZONS MENTAL HEALTH                 )
CENTER, INC.,                          )
                                       )
                    Defendant.         )
                                       )

**COMPLAINT**

Plaintiff Richard Line ("Richard"), for his cause of action against Defendant, Horizons Mental Health Center, Inc. ("HMH"), states and alleges as follows:

**Parties**

1. Richard is a resident of the State of Kansas and resides in Hutchinson, Kansas.

2. HMH is a Kansas not for profit corporation with its principal place of business at Suite 202, 1600 North Lorraine, Hutchinson, KS 67501, and may be served with process at that address by serving its resident agent, L Michael Garrett.

1

**Jurisdiction**

3.  The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the Complaint is brought under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

**Venue**

4.  Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

5.  Richard is a 61-year-old man who commenced employment with HMH in 1974.

6.  Richard worked at HMH as a therapist. During his employment, Richard held supervisory positions and was a competent and skilled clinician.

7.  In 2005, Richard suffered was diagnosed with advanced prostate cancer. His treatment included surgery, radiation and two rounds of chemotherapy.

8.  Richard continued to deal with the prostate cancer and treatment for his illness until the date of his termination, on April 8, 2011.  As a result of the treatment, Richard completed paperwork for Family and Medical Leave but did not actually take such leave prior to his termination; however, if his employment would not have been terminated he would have required medical leave as a result of his treatment.

9.  Shortly before Richard's termination, Richard Archer, the clinical director for HMH advised Richard to retire.

10.  Richard was terminated on April 8, 2011.

11. Richard filed a timely charge of discrimination with the Equal Employment Opportunity Commission on October 11, 2011.

12. Richard received a right-to-sue letter on May 18, 2012, thereby exhausting his administrative remedies.

**Theories of Recovery**

### COUNT I
### ADEA

13. Richard re-alleges and incorporates herein the allegations contained in paragraphs 1 through 12 above.

14. HMH discriminated against Richard on the basis of his age in terminating his employment.

15. HMH's actions constitute a violation of the ADEA and entitle Richard to damages.

WHEREFORE, Richard respectfully requests that the Court enter judgment in his favor and against HMH in an amount in excess of $75,000.00; that the Court award him reasonable attorneys' fees; that the costs of this action be assessed against HMH; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

### COUNT II
### ADA

16. Richard re-alleges and incorporates herein the allegations contained in paragraphs 1 through 15 above.

17. HMH discriminated against Richard on the basis of an actual or perceived disability in terminating his employment.

18. HMH's actions constitute a violation of the ADA and entitle Richard to damages.

WHEREFORE, Richard respectfully requests that the Court enter judgment in his favor and against HMH in an amount in excess of $75,000.00; that the Court award him reasonable attorneys' fees; that the costs of this action be assessed against HMH; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

## COUNT III
## FMLA

19. Richard re-alleges and incorporates herein the allegations contained in paragraphs 1 through 18 above.

20. HMH's decision to terminate Richard's employment constitutes a violation of the FMLA and entitles Richard to damages for lost wages, benefits, liquidated damages, fees and costs.

WHEREFORE, Richard respectfully requests that the Court enter judgment in his favor and against HMH in an amount in excess of $75,000.00; that the Court award him reasonable attorneys' fees; that the costs of this action be assessed against HMH; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

Dated: August 7, 2012

> RESPECTFULLY SUBMITTED,
>
> /s/ Larry G. Michel
> Larry G. Michel, #14067
> KENNEDY BERKLEY YARNEVICH
> & WILLIAMSON, CHARTERED
> 119 West Iron Avenue, 7th Floor
> P.O. Box 2567
> Salina, KS  67402-2567
> (785) 825-4674
> lmichel@kenberk.com
> ATTORNEYS FOR PLAINTIFF

### DEMAND FOR TRIAL BY JURY

Richard hereby requests, pursuant to Fed. R. Civ. P. 38(b), that all issues of fact be tried to a jury.

> /s/ Larry G. Michel
> Larry G. Michel

### DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2, Richard designates Wichita, Kansas as the place of Trial.

> /s/ Larry G. Michel
> Larry G. Michel